IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELBERT D. McCARTHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:08cv838-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Plaintiff Elbert D. McCarthy applied for disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, §§ 1381 *et seq.* (hereinafter "the Act"). Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c),

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #14); Def.'s Consent to Jurisdiction (Doc. #13). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the Commissioner's decision.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-one years old on his alleged disability onset date (Tr. 23) and had the equivalent of a high school education (GED) (Tr. 23, 82).  Plaintiff's primary past relevant work experience included work as a truck driver, roofer, construction worker, and logger/logging truck driver (Tr. 23, 78).  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Step 1). (Tr. 18).  At Step 2, the ALJ found that Plaintiff suffered from the severe impairments of cervical degenerative disc disease and post aorta repair surgery (chest pain).  *Id*.  The ALJ nonetheless found Plaintiff does not possess an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (Tr. 20).  Next, the ALJ determined Plaintiff's RFC  (Step 3).  *Id*.  At Step 4, the ALJ found that Plaintiff could not perform his past relevant work.  (Tr. 23).  At Step 5, the ALJ determined that, considering claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy.  (Tr. 23-24).  Thus, the ALJ determined Plaintiff was not disabled as defined under the Act.  (Tr. 24).

### IV.   PLAINTIFF'S CLAIM

Plaintiff sets forth only one claim for this Court's review: whether the ALJ failed to develop the record regarding Plaintiff's alleged mental impairments.

**V.     DISCUSSION**

***Whether the ALJ failed to develop the record regarding Plaintiff's alleged mental impairments.***

Plaintiff argues the ALJ failed to develop a full and fair record in this case regarding Plaintiff's alleged memory problems and anxiety. Pl's. Brief (Doc. #10) at 1. Plaintiff argues:

> the evidence of record suggested the possible presence of a mental impairment or impairments: The claimant alleged a memory problem at the time of the initial application and anxiety [Tr. 77, 279-80] and the medical treatment records of Charles S. Thompkins at Crenshaw Community Hospital on 11/23/2005 wherein Dr. Thompkins stated that "This man is very anxious about himself. I think a lot of that stems from the old injury he had." [Tr. 304-305].

*Id*. The Commissioner argues that it was Plaintiff who failed to develop the record regarding Plaintiff's alleged mental impairments and the ALJ was under no duty to develop these claims, which were not supported by the record.

Generally, an ALJ has a duty to develop a full and fair record. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Id*. "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th

Cir. 1986) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir.1983)).

In the present case, there is no discussion in the ALJ's decision regarding Plaintiff's alleged nonexertional impairments. While this might seem odd considering Plaintiff's claim before this Court, a review of the record reveals why the ALJ did not develop or discuss these claims. Plaintiff never raised or suggested the impairments to the ALJ, nor did he attempt to provide the ALJ with evidentiary support or testimony during his hearing regarding the impairments. The only evidence in the record supporting Plaintiff's "memory problem" is his allegation of such on his disability application. (Tr. 77) ("I have memory problems from time to time."). The only evidence supporting Plaintiff's claim of anxiety is the above referenced quote of Dr. Thompkins, yet Plaintiff failed to present any testimony in support of this claim or even raise it as a claim before the ALJ.

Thus, Plaintiff provides no medical evidence in support of his allegation of a memory problem and failed to raise anxiety before the ALJ. However, there is record evidence contrary to Plaintiff's allegation of a memory problem. Plaintiff cites this Court to Dr. Rankart's medical records in which he states:

> I do not see a need to develop the allegation of memory problems. Records describe the claimant as alert and fully oriented at the emergency room and an assessment indicated "no [traumatic brain injury] identified." Since the [motor vehicle accident], [medical evidence of record] indicates the claimant has not complained of memory difficulties and there has been no physician observation of cognitive/memory problems.

(Tr. 279-80). Thus, as Dr. Rankart notes, there is no physician observation or other medical

record evidence to support Plaintiff's claim of memory loss. Further, Plaintiff denied a memory loss problem in 2005 during a physical exam with Dr. Crawford. (Tr. 281-84). Here, the record is not only devoid of medical support for Plaintiff's claim of memory loss, it contains medical evidence contrary to Plaintiff's claim. Thus, the ALJ was under no obligation to develop this claim.

Plaintiff's failure to raise his anxiety in his application for disability or offer it as a basis for disability at his hearing before the ALJ relieves the ALJ from the duty to develop the claim. *See Street v. Barnhart*, 133 Fed. App'x 621, 627 (11th Cir. May 18, 2005) ("[A]s it has been persuasively held[,] an 'administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.'") (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)). Plaintiff could have easily cured the lack of evidence in support of his claim of anxiety by presenting evidence or testimony or at the very least rasing the issue before the ALJ.[5] "Stated another way, if [Plaintiff's] alleged mental condition was an impairment severe enough to rise to the level of a disability, it was his burden to prove as much to the ALJ under steps two to four of the determination process." *Street*, 133 Fed. App'x at 630.

## IV. CONCLUSION

The Court has carefully and independently reviewed the record and concludes the

---

[5] Further, Dr. Thompkins opinion "does not give rise to an inference that, because [Plaintiff was anxious possibly due to an old injury], he suffers from a psychological, mental, or intellectual impairment of any kind." *Street*, 133 Fed. App'x at 630.

decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 25th day of September, 2009.

>/s/ Wallace Capel, Jr.
>WALLACE CAPEL, JR.
>UNITED STATES MAGISTRATE JUDGE